FIRST NATIONAL BANK OF
CALLAWAY COUNTY,
Appellant,

v.

DIRECTOR OF REVENUE, Respondent.

No. 78612.

Supreme Court of Missouri,
En Banc.

Oct. 22, 1996.

Richard A. King, Lawrence Zimmerman, Deborah Polk, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Evan J. Buchheim, Assistant Attorney General, Jefferson City, for respondent.

LIMBAUGH, Judge.

First National Bank of Callaway County [1] ("FNB") appeals a decision of the Administrative Hearing Commission ("AHC"), denying FNB's petition for partial refund of bank franchise taxes it paid for 1990. In support of the petition, FNB claims that sales tax it paid on purchases of tangible personal property entitles it to a credit against its franchise tax liability. Because this appeal involves the construction of a revenue statute, § 148.030, RSMo 1986, this Court has jurisdiction.[2] We affirm the AHC's denial of FNB's refund claim.

I.

FNB provides a means for its checking account customers to order boxes of blank checks. To place orders, either FNB or its customers fill out check order forms which FNB then collects and sends to an independent check printing business, Deluxe Check Printers ("Deluxe"), in Kansas. Deluxe then prints the checks and sends them directly to

---

1. The bank is now known as Bank Star One.

2. Mo. Const. art. V, § 3.

FNB's customers. After filling an order, Deluxe submits to FNB an itemized invoice that includes: (1) the check printing price; (2) the check distribution price; (3) FNB's commission on the transaction; and (4) sales tax on the total of the above items, at Callaway County, Missouri's rate. FNB pays Deluxe for items one, two, and four, only, after reserving its commission. For its regular checking customers, FNB recoups the full amount of items one through four by imposing a service fee, which is collected by debiting the customers' checking accounts. Both FNB and Deluxe make money from the selling of checks; Deluxe from the amounts collected from FNB, and FNB from its commissions.

In October 1991 FNB filed an amended bank franchise tax return with the Director of Revenue ("the Director") for the tax year 1990 requesting a refund of $1,632.00. In pursuing the refund, FNB claims that § 148.030.3, RSMo 1986, authorizes a credit against its franchise tax for the sales tax paid to Deluxe during 1990. Both the Director, and in turn the AHC, denied the request.[3]

This Court will affirm the decision of the AHC if it is authorized by law and supported by competent and substantial evidence upon the whole record.[4]

## II.

■ Section 148.030 requires that all Missouri banks pay a yearly franchise tax. Credits against the franchise tax are set out in § 148.030.3, which states in pertinent part:

[T]he allowable credits are all taxes paid to the state of Missouri or any political subdivision thereof during the relevant income period, including, without limitation, state and local sales and use taxes paid to seller's [sic], vendors, or the state of Missouri with respect to the taxpayer's purchases of tangible personal property.... However, a taxpayer shall not be entitled to credits

for ... state and local sales and use taxes collected by the taxpayer on its sales of tangible personal property....

Application of the statute turns on the characterization of the transactions between Deluxe, FNB, and FNB's regular checking account customers. FNB contends completed sales take place when it purchases checks from Deluxe and that the sales tax it pays on those purchases qualifies for the credit under the first sentence of the statute. The Director, on the other hand, argues that the true parties to the sales are Deluxe and FNB's regular checking account customers, with FNB acting merely as an intermediary or agent for the transactions. Under the Director's position, the sales tax is actually paid by the bank's customers, and the bank merely passes on the tax payments from its customers to Deluxe.

FNB claims that its transaction with Deluxe is the one and only sale of the checks. To support that claim, FNB argues that it provides the checks to its customers not as a separate sale but as a service accompanying its checking accounts. In our view, this argument fails, because the second transaction bears the earmarks of a sale. The customers are the end users of the checks and they pay full price for the checks, including the amounts for the sales tax and FNB's commission. To characterize this payment as a fee for services rather than as a payment for the sale of the checks is disingenuous.

FNB labels its transactions with its regular checking account customers a service rather than a second sale to avoid the rule that, for sales tax purposes, the taxable event is the last retail sale of the goods in question.[5] Because we conclude that the second transaction is a sale, the first transaction, between Deluxe and FNB, is nothing more than a sale for resale, a transaction that is not subject to sales tax.[6] Therefore, when viewed as a two-sale structure, FNB could

---

**3.** The Director has allowed FNB to take the credit for the sales tax paid on the checks that are provided to customers who have Tri–Star checking accounts and pay a monthly service fee, because this fee covers a variety of services provided by FNB and is not a recoupment of the costs of the checks. The allowance of this credit is not at issue in this case.

**4.** § 621.193, RSMo 1994.

**5.** §§ 144.020, 144.010.1(8), RSMo 1994.

**6.** *Id.*

not take a credit under § 148.030 for sales tax paid because it owed no sales tax in the first place.

The other characterization, suggested by the Director, is that the sale of checks constitutes only one sale instead of two. In this scenario, FNB simply passes on its customers' payments for the printed checks to Deluxe. Deluxe is the seller. FNB's customers are the buyers. FNB serves only as a conduit or agent. The fact that FNB earns a commission on the sales solicited from its customers supports the single sale approach. Because Deluxe is located outside of Missouri, however, the tax imposed should be a use tax. Inexplicably, neither of the parties contends that the transactions should be subject to use tax, and in fact the tax imposed was a sales tax at Callaway County's rate. This indicates that the transaction between FNB and its customers was a separate sale.

The entire transaction is better characterized, then, as a two-sale structure. Either way, though, FNB does not owe the tax and, therefore, is not entitled to the tax credit.

### III.

 Anticipating the possibility of an adverse ruling from this Court, FNB, citing § 143.903, RSMo 1994, contends that it should be awarded the refund if a reasonable person, relying either on prior law or previous policy or regulation of the Department of Revenue, would not have expected that the credit would be disallowed. We conclude, however, that a reasonable person could have expected that the credit would be disallowed; therefore, FNB is not entitled to the credit.[7]

 To succeed under § 143.903, the taxpayer must show that the result in its case "overrules a prior case or invalidates a previous statute, regulation or policy of the director of revenue *and* the decision was not reasonably foreseeable."[8] FNB cannot show that our decision was not reasonably foreseeable. The only prior case, statute, regulation or policy to which FNB cites is a 1994 AHC

decision that allowed a bank to take the § 148.030 credit in a similar situation. FNB could not have relied upon that decision in claiming its credit because the submission of FNB's 1990 tax return predates that decision by at least two years. In 1991, FNB, and any reasonable taxpayer similarly situated, should have realized that a court of law could decide this controversy in either direction. Therefore, this decision cannot be said to be "not reasonably foreseeable"[9] and, therefore, is not unexpected.

### CONCLUSION

The decision of the AHC is affirmed.

All concur.

---

7. Since we conclude that this decision was not unexpected, § 143.903.2, we need not address whether § 143.903.1 applies to § 148.030, a point of contention between the parties.

8. *Lloyd v. Dir. of Revenue,* 851 S.W.2d 519, 523 (Mo. banc 1993).

